BOBBY SAADIAN (CA Bar No. 250377)
NICOL HAJJAR (CA Bar No. 303102)
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Telephone: 213.381.9988
Facsimile:  213.381.9989

Attorneys for Plaintiff
INARA NARANJO

FRANK C. OLAH, (CA Bar No. 247843)
folah@fmglaw.com
ANDREA R. SITAR, (CA Bar No. 294346)
asitar@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, CA  90071
Telephone:  213.615-7000
Facsimile:   213.615.7100

Attorneys for Defendants
PXL II LLC and JACKSON DAWSON COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INARA NARANJO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PXL II LLC, a limited liability company; JACKSON DAWSON COMMUNICATIONS, a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:19-cv-04268-CJC-FFM<br><br>[Hon. Cormac J. Carney, Courtroom 7C]<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiff Inara Naranjo ("Plaintiff") and Defendants PXL II LLC, and Jackson Dawson Communications, Inc. (collectively, "Defendants") (Plaintiff and Defendants are jointly the "Parties"), by and through their undersigned counsel, conferred regarding the matters set forth in Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26-1 of the Local Rules of the United States District Court for the Central District of California.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

Defendants discriminated against Plaintiff on the basis of disability. After Plaintiff was involved in a serious car accident, in which she sustained serious disabilities, Defendants failed to accommodate Plaintiff's disability. Defendant subjected Plaintiff to wrongful and discriminatory treatment based on her disability. When Plaintiff exercised her right to a medical leave of absence and requested a reasonable accommodation, Defendants terminated Plaintiff's employment. Additionally, Defendants failed to provide Plaintiff with a timely and uninterrupted meal and rest period. Defendants failed to pay Plaintiff meal and rest period premiums for all missed, late, or interrupted meal and rest periods. Moreover, Defendants failed to furnish accurate itemized wage statements, and failed to pay wages in a timely manner.

### B. Defendants' Statement

Plaintiff worked as a host at a Lincoln Experience Center. Plaintiff's essential job duties included driving Lincoln vehicles. In 2018 Plaintiff experienced a medical issue that required her to take a medical leave of absence from work. As admitted in her Complaint, Plaintiff was provided and received over twelve weeks of job-protected medical leave in compliance with state and federal law. After Plaintiff received over twelve weeks of job-protected medical leave she sought to extend her medical leave by a minimum of six additional months but did not provide an end

date to her medical leave. Plaintiff's position could not be held open indefinitely due to business necessity. Plaintiff never requested a reasonable accommodation to return to work. Plaintiff received all meal and rest breaks and received accurate and timely wage statements.

  **C.** **Discovery Plan**

 ***Required Disclosures:*** The Parties have agreed to exchange initial disclosures on or before July 26, 2019. The Parties do not request any change to the form or requirement for disclosures under Rule 26(a).

 ***Subjects for Discovery***:

 Plaintiff anticipates conducting discovery related to Defendants discriminatory conduct and wage and hour violations. Plaintiff has not yet propounded written discovery or taken depositions at this time.

 Defendants anticipate conducting discovery on Plaintiff's alleged disability, Plaintiff's medical treatment, Plaintiff's need for medical leave in 2018, Plaintiff's required job accommodations, Plaintiff's communications with Defendants, percipient witnesses, and Plaintiff's health care providers regarding Plaintiff's alleged disability and any required accommodations, Plaintiff's allegations regarding meal and rest break violations, Plaintiff's efforts to mitigate her damages, and any other issues relevant to the claims or defenses at issue in this action.

 Defendants plan to take the following depositions: Plaintiff, Plaintiff's healthcare providers, percipient witnesses identified by Plaintiff and Defendants, including but not limited to Plaintiff's co-workers and anyone with whom Plaintiff discussed her disability or need for accommodation, medical and other experts, any other person believed to have knowledge regarding the claims or defenses at issue in this action.

 Defendants plan to subpoena the following records: Plaintiff's medical records, Plaintiff's employment records, records related to unemployment or long

term disability benefits received by Plaintiff, records related to Plaintiff held by any governmental agency, and any other records identified as relevant to the claims or defenses at issue in this action.

Defendants have not propounded written discovery, served subpoenas, or noticed depositions as of this date.

***Non-Expert Discovery Cutoff Deadline***:  The Parties propose a non-expert discovery cut-off as set forth in Exhibit 1, attached hereto.

***Electronically Stored Information***:  The Parties are not currently aware of issues related to electronically stored information (ESI) and agree when ESI is requested in discovery Counsel will meet and confer for retrieval of ESI that will not impose a significant cost or other burden.  The Parties will also meet and confer if needed about the format of any production of ESI.

***Claims of Privilege***:  The Parties will execute a protective order, if necessary, to protect confidential documents produced and subpoenaed.  The Parties do not anticipate any disputes relating to claims of privilege or of protection as to trial-preparation material.  The Parties agree to address any such disputes in the event they arise.

***Limitations on Discovery***:

Pursuant to Federal Rule of Evidence 502, the Parties agree that if any documents subject to a claim of privilege or protection are inadvertently produced, such an inadvertent disclosure shall not operate as a waiver in a Federal or State proceeding, provided that the elements of Federal Rule of Evidence 502(b) have been met.  The Parties request that the Court include in its Scheduling Order, pursuant to Federal Rules of Evidence 502(d) – 502(e), an order that the privilege or protection is not waived by disclosure connected with the litigation pending before the Court.

Should any discovery issues arise, the parties will meet and confer in good

faith to resolve any such issues.

**Other Orders:**  The parties do not request any other orders at this time under Federal Rules of Civil Procedure 26(c) or 16(b) and (c).

***Expert Discovery:***

The parties propose that the timing of expert disclosures, including rebuttal disclosures, be governed by Rule 26(a)(2).

The parties propose an expert discovery cut-off as set forth in Exhibit 1, attached hereto.

The parties propose an expert discovery motion filing cut-off as set forth in Exhibit 1, attached hereto.

### D.  Complex Cases.

The Parties contend this is not a complex case and the procedures of the Manual for Complex Litigation are not required.

### E.  Motion Schedule.

The Parties propose a dispositive motion filing cut-off date as set forth in Exhibit 1, attached hereto.

### F.  Settlement Prospects/ADR.

Pursuant to Local Rule 16-15.4, the Parties request Settlement Procedure No. 3 (L.R. 16-15.4 (3)), i.e. a private mediator for all further settlement proceedings.

Plaintiff issued a pre-litigation settlement demand.  No further settlement discussions have taken place to date.

### G.  Trial.

The Parties estimate a 5 to 7-day trial.

The Parties propose a trial date of June 23, 2020 for a jury trial.

The Parties propose a pretrial conference and trial date as set forth in Exhibit 1, attached hereto.

The Parties request a jury trial.

H. **Additional Parties.**

The Parties do not anticipate the addition of any other Parties. The Parties propose that the deadline to add Parties and/or additional claims for relief as set forth in Exhibit 1, attached hereto.

I. **Amended Pleadings.**

The Parties do not anticipate amending the pleadings. The Parties propose that the deadline to amend the pleadings will be ninety (90) days after the scheduling conference.

DATED: July 3, 2019                WILSHIRE LAW FIRM


By: /s/ Nicol Hajjar
    Nicol Hajjar

Attorneys for Plaintiff
INARA NARANJO


DATED:  July 3, 2019               FREEMAN MATHIS & GARY, LLP


By: /s/ Andrea R. Sitar
    Andrea R. Sitar
    Frank C. Olah

Attorneys for Defendants
PXL II LLC and JACKSON DAWSON
COMMUNICATIONS, INC.

| EXHIBIT 1: SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET MATTER | TIME COMPUTATION | PROPOSED DATES |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut−Off (includes hearing of motions to amend) | 90 days after scheduling order is issued | October 10, 2019 |
| Non−Expert Discovery Cut−Off (includes hearing of discovery motions) | at least 14 wks before Final Pretrial Conference | March 10, 2020 |
| Non-Expert Motion Cut−Off, Including for Dispositive Motions (filing deadline) | at least 13 wks before Final Pretrial Conference | March 17, 2020 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before Final Pretrial Conference | April 14, 2020 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before Final Pretrial Conference | May 12, 2020 |
| Expert Motion Cut−Off (filing deadline) | at least 3 wks before Final Pretrial Conference | May 26, 2020 |
| Expert Discovery Cut−Off (includes hearing of discovery motions) | at least 3 wks before Final Pretrial Conference | May 26, 2020 |
| Motions in Limine Filing Deadline | at least 3 wks before Final Pretrial Conference | May 26, 2020 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before Final Pretrial Conference | June 2, 2020 |
| Final Pretrial Conference | | June 16, 2020 |
| Jury Trial | | June 23, 2020 |